**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD PARTYKA, | Civil Action No.: 11-3316 (JLL) |
| Plaintiff, | |
| v. | |
| MODESTA MEZA, et al., | **OPINION** |
| Defendants. | |

This matter comes before the Court on Defendants' motion seeking the Court's recusal from this matter. Defendants, Modesta Meza-Role and Eloy Role are proceeding pro se in this matter. The Court will decide this motion without oral argument as permitted by Federal Rule of Civil Procedure 78. The Court has carefully considered Defendants' motion for recusal and, for the following reasons, denies Defendants' motion.

## BACKGROUND

By way of background, Defendants' Notice of Removal was filed with this Court on June 8, 2011. Defendants' Notice of Removal contains a copy of the Verified Complaint filed by Plaintiff, Richard Partyka, in the Superior Court of New Jersey, Special Civil Part, Landlord/Tenant Division in what appears to be a landlord tenant dispute. In particular, Plaintiff's Complaint seeks a judgment for the re-possession of a rental premises. See Docket Entry 1-5. On June 20, 2011, this Court entered an Order to Show Cause directing Defendants to show cause, in writing, by June 29, 2011 why this matter should not be remanded to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. Defendants are also the plaintiffs in a related action also pending before this Court, Civil Action No. 11-2307.

Defendants have now filed a motion seeking the Court's recusal from this action pursuant to 28 U.S.C. § 455.

**DISCUSSION**

The decision of whether to recuse lies within the discretion of the trial judge. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). There are two federal statutes that dictate the circumstances under which a federal judge should recuse. First, 28 U.S.C. § 144, applicable to federal district court judges, provides that a judge should recuse if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 144 (2005). Similar to section 144, section 455(b)(1) of the same title, applicable to all justices, judges, and magistrates of the Unites States, provides that a judge should recuse if the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 455(b)(1). However, unlike section 144, section 455(b)(1) does not include the requirement of a timely and sufficient affidavit. *See id; see also In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) ("Because § 455 places a duty directly upon the judge to evaluate his own actions, it does not require that an affidavit be filed.") Furthermore, section 455(a) states that a judge should recuse himself if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Thus, these statutory provisions provide that there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, *see* 28 U.S.C. § 144, 455(b)(1); or (2) the judge's impartiality might reasonably be questioned, *see* 28 U.S.C. § 455(a).

Defendants now ask the Court to recuse itself on the basis that "the dismissal of [their] two consecutives [sic] Complaints [in Civil Action No. 11-2307] . . . branded the proceedings of the presiding Judge in this case as tinted with bias and prejudice." (Br. at 3). Defendants go on to argue that, "under the shadows casted in this case by the proceedings of the presiding Judge," [Plaintiff] Richard Partyka has proceeded to lie to the state court judge (in a related landlord tenant dispute) about the "array" of dismissals by the undersigned. (Br. at 3). Finally, Defendants argue that the undersigned's actions, in *sua sponte* dismissing their complaints [in Civil Action No. 11-2307] for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) have, in effect, helped their adversary in this matter. (Br. at 4).

Defendants' motion for the recusal is denied because Defendants have not shown that the undersigned either has a personal bias or prejudice towards Defendants or that my impartiality in this matter should reasonably be questioned. If a party claims that a judge should recuse because of a

personal bias, prejudice, or lack of impartiality towards that party, he generally must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal. *See Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978). Extrajudicial bias "refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980). In the absence of extrajudicial bias, a party seeking recusal must show that a judge has a "deep-seated and unequivocal antagonism that would render fair judgment impossible" to obtain recusal. *Liteky v. United States*, 510 U.S. 540, 555-556 (1994) ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

The crux of Defendants' argument is that this Court's impartiality should be questioned because the Court has, in effect, helped their adversary, Richard Partyka, by entering two orders *sua sponte* dismissing their complaints in Civil Action No. 11-2307 for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). As a preliminary matter, such actions – in the context of a separate civil action – are judicial in nature. *See, e.g.*, *Smith,* 585 F.2d at 87 ("the alleged bias must be rooted in extrajudicial sources, rather than in judicial actions which can be corrected on appeal."). Moreover, although Defendants claim that the Court's actions have had the effect of "helping" their adversary, Richard Partyka, it is the Court's view that a reasonable person with knowledge of the relevant facts[1] could just as easily construe the Court's actions – in *sua sponte* reviewing their claims, pointing out the pleading deficiencies contained therein *and* the automatically granting them leave to amend their claims so as to cure those specific deficiencies – as benefitting the *pro se* Defendants in their capacity as plaintiffs in that matter.

---

[1] If a party claims that a judge should recuse under section 455(a) because his "impartiality might reasonably be questioned" the test that applies is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re: Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). This is an objective inquiry that considers not only whether a judge is actually impartial but whether there is an appearance of impartiality. *See In re: Community Bank of Northern Virginia*, 418 F.3d 277, 320 (3d Cir. 2005).

## <u>CONCLUSION</u>

Based on the reasons set forth above, the Court will not recuse itself from this matter.  After careful consideration of Defendants' submissions, there is nothing to suggest personal bias or prejudice, nor are there any facts from which a reasonable person with knowledge of all of the facts would conclude that the Court's impartiality might reasonably be questioned.  *See generally Cooney v. Booth*, 262 F. Supp. 2d 494, 508 (E.D. Pa. 2003) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)) (noting that it is "vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational, or highly tenuous speculation.").

An appropriate order accompanies this opinion.

/s/ Jose L. Linares

June 27, 2011                                    JOSE L. LINARES,
                                                 UNITED STATES DISTRICT JUDGE

4